FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>CONKLIN DEVELOPMENT and<br>ROBERT J. HEITMAN, JR.,<br><br>               Plaintiffs-Appellants,<br><br>  v.<br><br>CITY OF SPOKANE VALLEY,<br><br>               Defendant-Appellee.</td><td>No. 10-35322<br><br>2:09-cv-00070-FVS<br><br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Washington
Fred Van Sickle, District Judge, Presiding

Argued and Submitted July 12, 2011
Seattle, Washington

Before: CLIFTON, N.R. SMITH, Circuit Judges, and KORMAN, District Judge[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

Robert Heitman ("Heitman"), a professional real estate developer and manager of land development company Conklin Development, owned a 5.4 acre tract of land in the City of Spokane Valley in Washington State. On September 5, 2007, Heitman submitted an application requesting that the City of Spokane Valley segregate his property to effectuate the sale of 2.3 acres to the Spokane Valley Library District ("Library"). The City approved Heitman's request, but required the recording of a title notice memorializing the fact that at some unspecified date the City intended to acquire a strip comprising 10,400 square feet on the south-side of Heitman's property and bounding a roadway that the City planned to expand in the future. The land referenced in the title notice is referred to as the "Future Acquisition Area" ("FAA").

Heitman appealed the City's conditional approval of the land segregation and imposition of the FAA title notice to the City's land-use hearing examiner, who affirmed the basis by which the City approved the land division and title notice recording requirement, but required an amendment to the title notice indicating that the City must pay fair value for the land when it takes the land to construct the roadway. Moreover, Heitman's agreement with the Library provided that he was entitled to any compensation it received if the land was actually taken. Nevertheless, Heitman argues that, as a result of the 25-foot wide FAA on the southern boundary of the parcel for sale to the Library District, he had to modify his original sale agreement

with the Library to include an additional 25-foot strip of land on the north-side of his property.  This alleged injury provides the basis for his action pursuant to 42 U.S.C. § 1983, which the district court rejected, alleging an inverse condemnation and an unconstitutional land-use exaction.[1]

The inverse condemnation claim is based on the allegation that the title notice deprived Heitman of all use of the land subject to the FAA and of the right to exclude others from it in a manner *equivalent to* "physical occupation" of the land.  Although the Supreme Court has held that any physical invasion of private property by the government is a taking and entitles the owner to "just compensation," *see, e.g., Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 499 n.27 (1987), such an invasion requires that the owner be "dispossess[ed] . . . of the rights to use, and exclude others from, his property."  *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 436 n.12 (1982).

The FAA does not "dispossess" Heitman of his right to use and exclude others. *See id*.  In fact, the title notice makes clear that the FAA remains "private property" until the City decides to expand the roadway *and* pays fair market value for the land. It is only when this occurs that a taking via physical invasion may be established and

---

[1] The panel expresses no opinion as to how the City's land-use restriction would fare under the fact-intensive balancing analysis outlined in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978).

just compensation will be due.

Nor does the hearing examiner's conditioning the segregation of his land on the issuance of the FAA title notice constitute an unconstitutional adjudicative land-use exaction. Such an exaction is one in which the "government demands that a landowner dedicate an easement allowing public access to her property as a condition of obtaining a development permit." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 546 (2005). Under the holdings in *Nollan v. California Coastal Comm'n,* 483 U.S. 825 (1987) and *Dolan v. City of Tigard,* 512 U.S. 374 (1994), an "adjudicative exaction requiring dedication of private property" is valid if it is related to and "'roughly proportional' . . . both in nature and extent to the impact of the proposed development." *Lingle*, 544 U.S. at 547 (internal quotations and alterations omitted). The applicability of the *Nollan/Dolan* framework is limited, however, to *adjudicative* land-use exactions "requiring dedication of private property" where a *per se* physical taking has occurred. *Id.* (emphasizing that *Nollan/Dolan* has not been extended "beyond the special context" of adjudicative land-use exactions that "involved dedications of property so onerous that, outside the exactions context, they would be deemed *per se* physical takings"). Our holding that there was no such physical occupation of the land in this case is sufficient to dispose of Heitman's takings claim.

**AFFIRMED.**